IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| M CENTRAL RESIDENCES CONDOMINIUM ASSOCIATION INC., <br><br> Plaintiff, <br><br> VS. <br><br> TECHNOLOGY INSURANCE COMPANY, INC., <br><br> Defendant. | § § § § § § § § § § § § § § § <br><br> Civil Action No. 3:23-CV-0640-D |

MEMORANDUM OPINION
AND ORDER

In this insurance coverage action by plaintiff M Central Residences Condominium Association Inc. ("M Central"), an insured, against Technology Insurance Company, Inc. ("TIC"), its insurer, which TIC removed based on diversity jurisdiction, TIC moves to deny M Central's claim for attorney's fees under Tex. Ins. Code Ann. § 542A.003 (West 2017).[1] For the reasons explained, the court grants the motion.

---

[1]This motion is a creature of state insurance law.  See Tex. Ins. Code Ann. § 542A.007(d).  Motions to deny attorney's fees claims have been granted by other judges of this court.  See, e.g., *Tadeo v. Great N. Ins. Co.*, 2020 WL 4284710, at *9 (N.D. Tex. Jul. 27, 2020) (Fish, J.); *see also Rahe v. Meridian Sec. Ins. Co.*, 2022 WL 614995, at *1 (N.D. Tex. Feb. 28, 2022) (Brown, J.).  And other members of this court have granted similar motions: *Sarwar v. Gen. Star Indem. Co.*, 2023 WL 36073, at *1 (N.D. Tex. Jan. 3, 2023) (Fish, J.) (motion to preclude attorney's fees); *Stalcup v. Safeco Ins. Co. of Ind.*, 2022 WL 17345930, at *2 (N.D. Tex. Nov. 14, 2022) (Parker, J.) (motion to cap attorney's fees); and *Paradise Fruits & Vegetables, L.P. v. Nat'l Fire & Marine Mut. Ins.*, 2022 WL 17998563, at *1 (N.D. Tex. Mar. 1, 2022) (Godbey, J.) (motion to strike claim for attorney's fees).

I

The court will only recount the background facts that are relevant to the instant motion. M Central owns and operates a condominium complex in Dallas ("the Property"). It purchased a commercial insurance policy for the Property from TIC. The Policy was in effect from November 15, 2020 to November 15, 2021. In February 2021 the Property's heating and cooling equipment was damaged by severe winter weather. M Central notified TIC of the damage and filed a claim for coverage.[2] M Central brought the instant suit after TIC "grossly underpaid" for the purportedly covered loss. Pet. ¶ 9.

TIC now moves to deny M Central's claim for attorney's fees, contending that M Central failed to provide presuit notice, as Texas law requires. The only correspondence in which M Central arguably informed TIC of its intent to file suit is a letter dated February 2, 2023, sent by M Central's lawyers. This letter simply states that M Central has retained a law firm "for purposes of resolving the . . . property damage claim to [its] property." D. App. (ECF No. 15) at 3. The letter also requests that certain documents be sent to the law firm.[3] M Central provided no other purported presuit notice to TIC.

---

[2]Neither party appears to have been forthright about the precise timeline of these events: M Central alleges that it "duly notified [TIC] of the damage sustained," Pet. ¶ 7, and TIC maintains that M Central's "late notice prejudiced [TIC's] ability to investigate the alleged damage," Ans. ¶ 2. TIC proffers emails indicating that it was not until June 2022—more than one year after the damage occurred—that M Central sought coverage.

[3]The letter does not explicitly state that M Central intends to file a lawsuit. Nevertheless, the parties appear to agree that this letter is the closest to presuit notice that M Central ever provided TIC.

II

TIC moves to deny M Central's claim for attorney's fees, contending that M Central was required to provide TIC with presuit notice pursuant to Tex. Ins. Code. Ann. § 542A.003 (West 2017). This state-law provision and those closely related to it, Tex. Ins. Code Ann. §§542A.004-542A.007, have been deemed substantive by other judges of this court, and thus applicable to a case like this that was removed based on diversity of citizenship. *See, e.g.*, *Jordan Indus., LLC v. Travelers Indem. Co. of Am.*, 2022 WL 2719630, at *3 (N.D. Tex. Apr. 12, 2022) (Ray, J.); *Gateway Plaza Condo v. The Travelers Indem. Co. of Am.*, 2019 WL 7187249, at *1 n.1 (N.D. Tex. Dec. 23, 2019) (Scholer, J.).

Tex. Ins. Code Ann. § 542A.003 (West 2017) requires that "not later than the 61st day before the date the claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person." The notice must include

> (1) a statement of the acts or omissions giving rise to the claim;
> (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and
> (3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

*Id.* § 542A.003(b). Notice may be provided by the claimant or its attorney, but if the attorney provides notice the attorney "shall: (1) provide a copy of the notice to the claimant; and (2) include in the notice a statement that a copy of the notice was provided to the claimant." *Id.*

§ 542A.003(c).

If a claimant fails to provide timely notice, the opposing party can choose between two forms of relief. First, the claimant may file a plea in abatement, and "[t]he court shall abate the action if the court finds that the person filing the plea in abatement … did not, for any reason, receive a presuit notice complying with Section 542A.003[.]" *Id.* § 542A.005(b). Or, second,

> [i]f a defendant in an action to which this chapter applies pleads and proves that the defendant was entitled to but was not given a presuit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2) at least 61 days before the date the action was filed by the claimant, the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court.

*Id*. § 542A.007(d). The pleading must be filed within 30 days after the defendant's answer is filed. *Id*.

The notice requirement is excused "if giving notice is impracticable because . . . the claimant has a reasonable basis for believing there is insufficient time to give the presuit notice before the limitations period will expire . . . ." *Id.* § 542A.003(d). The "reasonable basis" standard for impracticability is "not an easy threshold to satisfy and 'ought to be reserved for those instances in which presuit notice genuinely cannot be provided.'" *Sarwar v. Gen. Star Indem. Co.*, 2023 WL 36073, at *3 (N.D. Tex. Jan. 3, 2023) (Fish, J.) (quoting *Hlavinka Equip. Co. v. Nationwide Agribusiness Ins. Co.*, 546 F.Supp.3d 534, 536 (S.D. Tex. 2021)). Thus for notice to be excused, impracticability must be supported by a "reason independent from simply stating that the impending expiration of the limitations period made

notice impracticable." *Hosp. Operations, LLC v. Amguard Ins. Co.*, 2019 WL 11690209, at *2 (E.D. Tex. Dec. 2, 2019); *see also Pemberton v. Unitrin Preferred Ins. Co.*, 2022 WL 2763160, at *2-3 (W.D. Tex. Jan. 6, 2022).

A plaintiff's "genuine belief that limitations might expire does not constitute the pleading and proof required to establish the statutory limitations exception to the presuit notice requirement." *Vuong Huynh Corp. v. Certain Underwriters at Lloyd's, London*, 2019 WL 11268988, at *3 (E.D. Tex. Dec. 23, 2019) (internal quotation marks omitted) (quoting *In re Cypress Tex. Lloyds*, 437 S.W.3d 1, 9 (Tex. App. 2011, no pet.)). Accordingly, errors in calculating the statute of limitations typically do not support an impracticability argument. *See Nexxt Holding, Inc. v. Travelers Cas. Ins. Co. of Am.*, 2020 WL 5702095, at *1 (S.D. Tex. Sept. 24, 2020) (Rosenthal, C.J.). And a statement that the plaintiff lacked sufficient information to determine the expiration date with any precision is likewise inadequate to show impracticability. *See, e.g.*, *Shaheen v. Allstate Tex. Lloyd's*, 2011 WL 845927 at *2-3 (S.D. Tex. Mar. 8, 2011) (Rosenthal, J.); *see also Ross v. Nationwide Ins. Co.*, 2011 WL 11201, at *3 (S.D. Tex. Jan. 3, 2011) (Rosenthal, J.) (finding no impracticability where plaintiff maintained that the date on which the statute of limitations would have run was difficult to calculate and thus that the "safest and most logical bet" was to file suit before giving adequate presuit notice).

### III

Neither party disputes that these provisions apply to this case. And M Central does not contest that it failed to provide presuit notice, as § 542A.003 requires, despite the fact

- 5 -

that TIC was entitled to such notice. What M Central does contend is that the required presuit notice was excused as impracticable as a result of M Central's belief that the statute of limitations would soon expire. M Central maintains that the parties negotiated "in hopes to reach a reasonable resolution of this claim without involving the justice system"; when it became clear that no agreement would be reached, M Central filed suit. P. Resp.(ECF No.16) at ¶¶ 9-10.[4] M Central contends that it "retained counsel within two weeks of the statute of limitations *possibly* running on some of the claims asserted" because "[w]ithout a certified full copy of the Policy, [M Central] made the decision to file suit within two years of the date of loss, as it is common for the policy to specify a similar limitation." *Id.* ¶¶ 10-11 (emphasis added). But M Central's assertion are insufficient to establish that providing presuit notice to TIC was impracticable. M Central contends that it could not feasibly predict when the statute of limitations would expire because it did not have access to a *certified* copy of the Policy. But the fact that the copy was not a *certified copy* is inconsequential to the calculation of the limitations period. And even if M Central lacked access to any copy of the Policy, the fact that M Central did not have the necessary information to precisely calculate the expiration date of the statute of limitations is no excuse for failing to provide notice. *See Shaheen*, 2011 WL 845927, at *2-3.

Moreover, M Central's representation that the parties spent significant time negotiating a resolution of their dispute does not establish that it was infeasible for M Central

---

[4]The court is citing this document by paragraph number because the pages are not numbered.

to provide presuit notice. It is not apparent why M Central could not provide notice while attempting to resolve its potential claim without filing suit. Nor has M Central offered any other reasonable justification for the two-year delay between the date of loss and the date this lawsuit was filed. Indeed, M Central attempted to ignore altogether the fact that it waited more than one year before it even began the process of filing a claim for coverage. It is also no excuse that M Central was mistaken—even reasonably so—in calculating the limitations period. *See Nexxt Holding*, 2020 WL 5702095, at *1.

In sum, nothing in M Central's response constitutes a "reason independent from simply stating that the impending expiration of the limitations period made notice impracticable." *Hosp. Operations, LLC*, 2019 WL 11690209, at *2. The court therefore concludes that TIC did not receive the presuit notice to which it was entitled and that the notice requirement was not excused. Accordingly, TIC's motion to deny any attorney's fees accrued by M Central after April 26, 2023—the date on which TIC's instant motion was filed—is granted.

IV

M Central maintains that, even if the notice requirement is not excused, the appropriate remedy is abatement rather than denial of attorney's fees.

Under Texas law, abatement is one of two remedies available to an insurer who was not given notice as required by § 542A.003. *See* Tex. Ins. Code Ann. §§ 542A.005; 542A.007(d) (West 2017). But abatement is appropriate only when the defendant has filed a plea in abatement. *Id.* § 542A.005. It is the defendant's choice either to ask the court to

abate the case or to file a pleading asking the court to deny attorney's fees accrued after the date on which the pleading is filed. *See, e.g.*, *Rahe v. Meridian Sec. Ins. Co.*, 2022 WL 614995, at *3 (N.D. Tex. Feb. 28, 2022) (Brown, J.).

TIC has not filed a plea in abatement. Instead, it elected to file a pleading that, if granted, would preclude M Central from recovering any attorney's fees incurred after the date on which the pleading was filed. Because TIC chose this option and did not request abatement, abatement is unwarranted. The court is left with the option either to grant or deny TIC's motion to deny attorney's fees.

* * *

M Central failed to provide the presuit notice required by § 542A.003, and this failure is not excused based on impracticability. And because TIC did not file a plea in abatement, abatement (rather than a denial of fees) is unwarranted. The court therefore grants TIC's motion to deny attorney's fees and holds that M Central is precluded from collecting from TIC in this lawsuit any attorney's fees incurred after April 26, 2023 to which it would otherwise have been entitled.

**SO ORDERED**.

June 20, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 8 -